**RECORD NO. 15-4154**

## IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

MAXIME MAIGA,

*Defendant - Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

### OPENING BRIEF OF APPELLANT

Bruce A. Johnson, Jr. VSB No. 36910
Law Office of Bruce A. Johnson, Jr., LLC
4301 Northview Drive
Bowie, Maryland 20716
(301) 860-1505 Telephone
(301) 860-1508 Facsimile
bajjlaw@aol.com

*Counsel for Appellant*

**LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477**
**A Division of Lantagne Duplicating Services**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................... ii

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION ........................................................................ 1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ........................... 1

STATEMENT OF THE CASE ........................................................ 1

STATEMENT OF FACTS ................................................................ 2

SUMMARY OF THE ARGUMENT ............................................... 6

ARGUMENT ................................................................................ 7

   I.    APPELLANT DID NOT KNOWINGLY AND
   VOLUNTARILY WAIVE HIS RIGHT TO TRIAL .......................... 7

      A. Standard of Review ............................................................. 7

CONCLUSION ...................................................................... 11

WAIVER OF ORAL ARGUMENT.............................................. 12

CERTIFICATE OF FILING AND SERVICE ............................... 13

i

## TABLE OF AUTHORITIES

Cases

*Anders v. California*, 386, U.S. 738 (1967)........................................ 6, 7, 11

*Boykin v. Alabama*, 395 U.S. 238 (1969) ........................................................ 9

*McCarthy v. United States*, 394 U.S. 459 (1969) ............................................ 9

*United States v. Ruiz,* 536 U.S. 622 (2002) ..................................................... 8

Statutes

18 U.S.C. § 1028A (a)(1)................................................................................2
18 U.S.C. § 1344............................................................................................2
18 U.S.C. § 1349............................................................................................2
18 U.S.C. § 3231 ........................................................................................... 1
18 U.S.C. § 3742 ........................................................................................... 1
28 U.S.C. § 1291 ........................................................................................... 1
42 U.S.C. § 408 (a)(7)(B) ............................................................................. 2

Rules

Fed. Cr. R. P. 11(c)(1)................................................................................... 3

_____

*Case chiefly relied upon

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This is an appeal from the final judgment in a criminal case, entered against Maxime Maiga on March 11, 2015, in the United States District Court for the District of Maryland, Southern Division.  ECF # 45. Jurisdiction in the District Court was based upon 18 U.S.C. § 3231, as this matter was a prosecution of Mr. Maiga by the United States for a violation of the United States Code.

By Notice of Appeal filed on March 10, 2015, Mr. Maiga  requested the United States Court of Appeals for the Fourth Circuit review the final judgment in this case, pursuant to the jurisdiction conferred on this Court by 28 U.S.C. § 1291. ECF # 47.  Therefore, this Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742

## STATEMENT OF ISSUE PRESENTED FOR REVIEW

I.    Whether Maxime Maiga's guilty plea was knowingly and voluntarily made.

## STATEMENT OF THE CASE

Mr. Maiga  was charged in early September 4, 2013 in the District of Maryland by a three count indictment with a count of Conspiracy to Commit Bank Fraud, Bank Fraud, and Aggravated Identity Theft in violation of 18 U.S.C. § 1349, 18 U.S.C. § 1344, and 18 U.S.C. § 1028 A(a). ECF # 1.

1

Mr. Maiga entered a plea of guilty in accordance with Rule 11(c) in a hearing on the record before the Honorable Judge  Paul W. Grimm on May 12, 2014 to Counts two and three. ECF #32; Plea Transcript at 4-7.  Count 1 was dismissed.  ECF #45, Sentencing Transcript at 52.  On March 9, 2015, Mr. Maiga was sentenced to twenty-four (24) months and one (1) day incarceration. ECF # 45; Sentencing Transcript at 49.

Mr. Maiga thereafter noted an appeal, *pro se*, on March 10, 2015, ECF # 47, and was appointed present counsel on April 1, 2015. ECF # 50.  On April 17, 2014.

## STATEMENT OF FACTS

Mr. Maiga  was indicted on September 4, 2013, in the District Court for the District of Maryland, on one count of Conspiracy to Commit Bank Fraud, Bank Fraud and Aggravated Identity Theft under 18 U.S.C. § 1349, 18 U.S.C. § 1344, and 18 U.S.C. § 1028 A(a), respectively ECF #1.  Mr. Maiga was represented by David Schiller, Esq. prior to, during and after his guilty plea at sentencing. Pursuant to a written plea agreement on May 12, 2014, Mr. Maiga pled guilty to Count two, Bank Fraud, and Count three, Aggravated Identity Theft.  ECF #33, Plea Transcript at 4-7.  Count one was dismissed.  ECF #45, Sentencing Transcript at 52.  Pursuant to the Federal Rules of Criminal Procedure 11(c)(1), the parties stipulated that the Government would request "a 2-level reduction in the [Mr.

Maiga 's] adjusted offense level." Plea Agreement at 4. Pursuant to the plea agreement Mr. Maiga waived his right to appeal the conviction and the sentence. Plea Agreement at 6-7. Placed under oath, Mr. Maiga was questioned by the Court as to his understanding of the terms of the agreement, which was reviewed with specificity and detail by the Court. *See* Plea Transcript, *passim*. This included the elements of the offense, *Id*. at 25-26; the rights he was giving up as part of the plea, *Id.* at 15-16, 18-19; the voluntariness of his agreement, *Id*. at 5-10; his understanding of the sentencing procedure under the plea, *Id*. at 11-16,18-20, 31-32 ; and ultimately as to his continued willingness to go forward with the plea of guilty. *Id* at 30.

The facts supporting the plea were included in the statement of facts as part of a plea agreement between Mr. Maiga and the government. *Id*. at 26-29.

Mr. Maiga was employed by the Bank-Fund Staff Federal Credit Union ("BFSFCU") as a communications center associate in the Member Relations Department Communications Center. *Id.* at 26. BFSFCU is a full service bank servicing individuals and their families associated with World Bank Group and the International Monetary Fund. *Id.* at 26-27. The Mr. Maiga , through his employment, had access to member's accounts and personal identifying information. *Id.* at 27. While employed by BFSFCU, Mr. Maiga accessed the

3

personal information of a couple of members of the Bank. *Id.* Ultimately, the Mr.

Maiga printed out copies of identifying documents including a member's passport

and membership eligibility form. *Id*. at 27-28. On January 22, 2013, Mr. Maiga

along with other co-conspirators submitted a request for assistance in gaining

access to the account using the wrongfully obtained personal information. *Id.* at

28. BFSFCU, relying on the personal information submitted, granted the Mr.

Maiga , along with his co-conspirators, access to the account. *Id.*

From, on or about, February 4th through the 12th the Mr. Maiga and his co-

conspirators, using internet access at a number of McDonald's, changed the contact

information on the account including the email and phone number. *Id.* Mr. Maiga

then asked a co-worker at the BFSFCU to provide additional personal information

for the members in question. *Id.* at 28-29. On February 13, 2013, using this newly

acquired information, along with the previously copied information, Mr. Maiga

and co-conspirators fraudulently requested monthly automatic recurrent wire

transfers of $200,000 each to one of the co-conspirator's accounts. *Id*. at 29. On

February 14, 2013 a co-conspirator was able to verify the member's date of birth,

eligibility, joint account holder, the joint account holder's date of birth, and the

date the member joined the BFSFCU using the information provided by the Mr.

Maiga . *Id.* BFSFCU, having confirmed the fraudulently obtained and provided

information, subsequently transferred $200,000 into the co-conspirator's account. *Id.* On or about March 1st, due to the recurrent request, BFSFCU transferred an additional $200,000 into the co-conspirator's account. *Id.*

Mr. Maiga was sentenced on March 9, 2015. After reviewing the Presentence Report, arguments from both parties, and hearing Mr. Maiga 's testimony, the Honorable Judge Grimm imposed a sentence of one day for Count two and the statutorily mandatory minimum of two years for Count three. *See* Sentencing Transcript at 49. Judge Grimm determined that this sentence reflected the seriousness of the crime; was necessary to promote respect for the law and deterring others from doing similar things. *Id*. at 44-49. Pursuant to the Plea Agreement, Mr. Maiga waived his right to appeal his conviction and sentence upon the judge's imposition of the agreed upon sentence. Plea Transcript at 15, 31. Thus, there are contractual restrictions on Mr. Maiga 's right to appeal his conviction and sentence. According to the Agreement, Mr. Maiga may only appeal if the Sentence were to fall outside of the Sentencing Guidelines. *See* Plea Transcript at 16.

## SUMMARY OF THE ARGUMENT

5

Appellate counsel reasonably believes that based upon the record in the District Court, that there are no viable grounds for this appeal.  Mr. Maiga pled guilty knowingly and voluntarily and he received a sentence within the sentencing guidelines which he bargained for, and accepted after the full colloquy by the Court concerning the rights he gives up when pleading guilty.   *See* Sentencing Transcript at 13-15.  Mr. Maiga then received a sentence near the bottom of the guideline for one day followed by a statutorily required twenty-four months. Sentencing Transcript at 49.   Mr. Maiga nonetheless appeals, because he anticipated the government would withdraw a mandatory minimum two year sentence.  However, it is clear that the risks were placed on the record and that the Government abided by the terms of the plea agreement. Counsel has reviewed the transcripts of the guilty plea and sentencing, and waiver the documents in his file. The result of this effort by Counsel is the unavoidable determination that there is no basis in the record upon which to proceed with a direct appeal, and that any such appeal of the sentence imposed has been waived by Mr. Maiga.

Based upon this decision, Appellate Counsel wrote to Mr. Maiga  on June 18, 2015, informing him that his view was that this appeal was without merit, and of his intention to file a brief in conformance with the requirements of *Anders v. California,* 386, U.S. 738 (1967), and of Mr. Maiga 's right to file a *pro se*

6

supplemental brief.  Counsel has provided the transcripts of plea and sentencing to

Mr. Maiga, along with the docket report.

A copy of this brief and all requisite notices have also be sent to the Mr.

Maiga.

## ARGUMENT

### Standard of Review under Anders

Upon a filing of the brief pursuant to *Anders v. California*, 386 U.S. 738

(1967), the Court of Appeals conducts a full examination of the record to

determine independently whether the appeal is wholly frivolous.  The Court may

dismiss the appeal.

### I.    MR. MAIGA DID NOT KNOWINGLY AND VOLUNTARILY WAIVE HIS RIGHT TO TRIAL

Mr. Maiga noted an appeal, however, he has made no specific claims

regarding whether the plea he entered on March 9, 2015 was not entered into

knowingly and voluntarily. Mr. Maiga did not seek to withdraw the plea, nor has

he made a claim at any point regarding the voluntariness of the plea.  Indeed, the

plea agreement and guilty plea colloquy during the plea proceedings make it clear

this was a knowing and voluntary plea.  *See* Plea Transcript.

Mr. Maiga signed, and then entered into on the record and under oath, a plea

agreement with the government.  *Id*. at 5-6.  Mr. Maiga conceded considerable

familiarity with the terms of the plea, having discussed same with counsel and counsel. *Id*. at 6-7.

In addition, the plea agreement makes clear under paragraph 16, that Mr. Maiga waives his right to appeal. Plea Transcript at 15, 23. Under paragraph 19, it states that the agreement makes no other understandings, promise, or conditions that are contemplated by the agreement other than what is written. Plea Agreement at 8. Mr. Maiga further agreed that the plea agreement encompassed the whole of the deal during the colloquy. Plea Transcript at 9, 17.

All of these issues were addressed on the record at the Rule 11 proceeding, after having been set forth in the plea itself. The detailed plea agreement and specific statement of facts had been reviewed and signed by Mr. Maiga and by counsel, which Mr. Maiga affirmed under oath at the Rule 11 proceeding. *See* Plea Transcript, *passim*.

Counsel therefore addresses the issue of whether Mr. Maiga's plea was entered knowingly and voluntarily under the principles established by the Court. See *Boykin v. Alabama*, 395 U.S. 238 (1969). The court may accept a plea of guilty only after it determines, upon an examination of the defendant on the record and in open court that (1) the defendant is pleading voluntarily, with understanding of the nature of the charge and the consequences of the plea; and (2) there is a

factual basis for the plea. *See McCarthy v. U.S*, 394 U.S. 459, 464. In addition, the Court has long established that the Judge must on the record adequately address whether or not the defendant is aware of the full consequences of his plea. *Boykin vs. Alabama*, 395 U.S. 238 (1969).

At the initial proceedings Judge Grimm explicitly laid out the nature of the sentencing guidelines and specifically explained that Aggravated Identity Theft carried a mandatory two year sentence, consecutive to any other sentence. Plea Transcript at 7. Judge Green goes on to explain what consecutive means and asks that Mr. Maiga understands the meaning of what he said. *Id.* Later in the same proceedings, Judge Grimm explains to the Mr. Maiga that the nature of the mandatory minimum of a two year consecutive sentence cannot be appealed, even if other parts of the sentence can be appealed for falling outside of the guidelines. *Id.* at 31. Once again Judge Grimm asks whether the Mr. Maiga understands his meaning in regards to his sentence and his waiver of his rights to an appeal. *Id.* The only terms under which an appeal may be appropriate is if the sentence is greater than "a base offense level 14" plus the two year mandatory minimum. *Id.* Judge Grimm, during sentencing, found a modified offense level of six, giving him the discretion to sentence the Mr. Maiga to a single day incarceration for that Count. Sentencing Transcript at 49. Judge Grimm found that he had no

9

discretion as a matter of law in regards to the two year minimum sentence. *Id.* at 23.

Accordingly, Appellate Counsel is constrained to conclude that this appeal is wholly without merit on the record compiled in the District Court.  It further is the view of Appellate Counsel that if the appeal has merit on a basis, which is not apparent to counsel from this record, in light of the plea and sentencing transcripts Mr. Maiga is precluded by the terms of the plea agreement from the filing of an appeal and that such filing would be subject to dismissal upon mere motion by the government.

Accordingly, an Anders brief is being filed.

## CONCLUSION

Pursuant to the requirements of *Anders v. California*, 386 U.S. 738 (1967), Counsel for Mr. Maiga hereby certifies that he has expended substantial time in the review of the facts and legal issues in this matter, the review of the entire file compiled by trial counsel in the District Court and has considered several means by which to proceed with those issues Mr. Maiga believes should be set forth in this appeal.

It is the considered opinion of Appellate Counsel that there are no legal issues that were not raised before the District Court, nor were any which were waived, abandoned or withdrawn by Mr. Maiga, or which were not disposed of properly by the District Court. Accordingly, Appellate Counsel believes that there are no legitimate grounds for a direct appeal on the record of this matter to the United States Court of Appeals for the Fourth Circuit. The complete record in this matter regarding these issues, consisting of all necessary documents and transcripts as are contained in the court file and available from the non-public sealed docket are available for independent review by this Court in the event error exists which has been overlooked by Appellate counsel.

## <u>WAIVER OF ORAL ARGUMENT</u>

The issues in this appeal have been completely considered, researched and briefed by appellate Counsel, and the facts in support thereof have been fully documented.  Appellate counsel therefore believes that the Court is in a position to rule on this matter without the benefit of additional argument by counsel for the parties.

Nevertheless, should the Court feel otherwise, counsel hereby advises the Court that he is ready to appear for oral argument upon request, and to respond therein to any question the Court may have upon its full review of the briefs and record in this matter.

Respectfully Submitted,

BRUCE A. JOHNSON, JR., LLC


_____/s/_____

By:    Bruce A. Johnson, Jr., Esquire
       4301 Northview Drive
       Bowie, Maryland 20716
       Telephone: 301-860-1505
       Facsimile: 301-860-1508
       bajjlaw@aol.com

## **CERTIFICATE OF SERVICE**

In accordance with Rule 25 of the Rules of the United States Court of Appeals for the Fourth Circuit, I hereby certify that I have this 25th day of June 2015, filed a copy of the foregoing Brief of Appellant in the Office of the Clerk of the Court, and have electronically filed the Brief of Appellant using the Court's CM/ECF system which will send notification of such filing to the following counsel:

Kelly O'Connell Hayes, Esq.,
Assistant United States Attorney
6406 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Counsel for Appellee

_____/s/_____
Bruce A. Johnson, Jr., Esquire

13